# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

DAVID R. PELLEITIER,

        Plaintiff,

v.                                                                                  Case No. 6:21-cv-2102-JRK

KILOLO KIJAKAZI,
Acting Commissioner of Social
Security,

        Defendant.
_____

## OPINION AND ORDER[1]

### I.  Status

David R. Pelleitier ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying his claim for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is the result of issues with and pain in his left leg and knee, numbness in the left foot, upper and lower back issues and pain, hip pain, high cholesterol, and depression. Transcript of Administrative Proceedings (Doc. No. 14; "Tr." or "administrative transcript"), filed March 15, 2022, at 94, 105, 106, 209, 219. Plaintiff protectively filed an application for DIB on April 2, 2013, alleging a

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 13), filed March 15, 2022; Reference Order (Doc. No. 16), entered March 16, 2022.

disability onset date of August 10, 2007.² Tr. at 172-75. The application was denied initially, Tr. at 94-102, 103, 120, 124-28, and upon reconsideration, Tr. at 104, 105-19, 131-35, 136.

On April 15, 2014, an Administrative Law Judge ("ALJ") held a hearing, during which the ALJ heard testimony from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). See Tr. at 72-93 (hearing transcript), 626-47 (duplicate). On May 13, 2014, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 17-28, 55-66, 582-93, 683-94 (duplicates).

Thereafter, Plaintiff sought review of the Decision by the Appeals Council and submitted a brief authored by his counsel in support of the request. See Tr. at 11-12 (Appeals Council exhibit list and order), 45-46, 602-03, 677-78 (duplicates), 48-50 (brief), 256-58, 648-50 (duplicates). On August 25, 2014, the Appeals Council denied Plaintiff's request for review, Tr. at 8-10, 42-44, 599-601, 674-76 (duplicates), thereby making the ALJ's Decision the final decision of the Commissioner.

---

² Although actually completed on April 3, 2013, see Tr. at 172, the protective filing date for the DIB application is listed elsewhere in the administrative transcript as April 2, 2013, see, e.g., Tr. at 94, 105.

Plaintiff initiated a case in this Court by filing a Complaint on December 6, 2017[3] seeking review of the Commissioner's final decision. Tr. at 605-07. On December 2, 2018, this Court entered an Order reversing the matter and remanding it to the Commissioner for further proceedings. Tr. at 609-14; see also Tr. at 615 (Judgment). On remand, the Appeals Council entered an Order on March 9, 2019 remanding the matter to an ALJ consistent with the Court's Order. Tr. at 619-20. The Appeals Council noted that Plaintiff had, in the meantime, filed a subsequent claim for DIB benefits on September 22, 2014 and had been found disabled by an ALJ as of September 22, 2014 in a decision dated August 21, 2017. Tr. at 619.

Back to this claim, during the remand proceedings, on October 7, 2019, Plaintiff's counsel submitted a letter requesting to amend the alleged onset date of disability to April 26, 2011 and submitted argument in support of the request. Tr. at 784-94. Another ALJ held a hearing on October 15, 2019, during which she heard from Plaintiff, who was represented by counsel, and a VE. Tr. at 553-78. The ALJ issued a Decision on November 14, 2019 finding that Plaintiff was

---

[3] The Complaint is dated December 5, 2017 but was actually filed December 6, 2017. See Tr. at 607.

not disabled "at any time from August 10, 2007, the alleged onset date, through December 31, 2012, the date last insured" ("DLI"). Tr. at 529-45, 545.[4]

Plaintiff requested review of the ALJ's Decision and submitted a brief authored by his attorney in support. Tr. at 518-19 (Appeals Council exhibit list and Order), 755-56 (request for review), 758-62 (brief). The Appeals Council declined to assume jurisdiction, Tr. at 514-17, making the ALJ's Decision the final Decision of the Commissioner. On December 16, 2021, Plaintiff commenced this action under 42 U.S.C. § 405(g) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff raises as the issue: "[w]hether the ALJ properly considered the medical opinions of the orthopedic surgeon Stephen Schutzer, M.D. when assessing the residual functional capacity" ("RFC"). Memorandum in Support of Plaintiff (Doc. No. 20; "Pl.'s Mem."), filed April 29, 2022, at 20 (capitalization omitted). On July 13, 2022, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 23; "Def.'s Mem.") responding to Plaintiff's arguments on the issue. Then, as permitted, on July 27, 2022, Plaintiff's Supplemental Memorandum in Reply (Doc. No. 24; "Reply") was filed. After a thorough review of the entire record and consideration of the parties'

---

[4] As stated later in this Opinion and Order, the ALJ's use of the original, rather than amended, alleged onset disability date is inconsequential to the issue the Court considers.

- 4 -

respective arguments, the undersigned finds that the Commissioner's final decision is due to be affirmed.

## II.   The ALJ's Decision

When determining whether an individual is disabled,[5] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry. See Tr. at 532-45. Although the ALJ recognized at multiple points in the Decision that Plaintiff had

---

[5] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

"amended his alleged onset date to April 26, 2011," Tr. at 529, 534, the ALJ's main findings all incorporated the original alleged onset date of August 10, 2007, Tr. at 532-45.[6] At step one, the ALJ determined that Plaintiff "did not engage in substantial gainful activity during the period from his alleged onset date of August 10, 2007 through his [DLI] of December 31, 2012." Tr. at 532 (emphasis and citation omitted). At step two, the ALJ found that through the DLI, Plaintiff "had the following severe impairments: status post left total knee replacement with left leg neuropathy, lumbar disc disease, thoracic disc disease, and obesity." Tr. at 532 (emphasis and citation omitted). At step three, the ALJ found through the DLI that Plaintiff "did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 533 (emphasis and citation omitted).

The ALJ determined that Plaintiff had the following RFC through the DLI:

> [Plaintiff could perform] light work as defined in 20 CFR [§] 404.1567(b) except standing and walking is limited to no more than two hours total. [Plaintiff] should not climb ladders, ropes, or scaffolds. Further, [Plaintiff] could occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. He can have no more than occasional exposure to vibrations, but should avoid work in high exposed places or in close proximity to moving mechanical

---

[6] This is immaterial. Just prior to discussing the evidence, the ALJ makes clear her awareness of the relevant period of April 26, 2011 through the DLI of December 31, 2012, Tr. at 534, and her discussion of the evidence reflects such an awareness, Tr. at 535-43.

parts.

Tr. at 534 (emphasis omitted).

At step four, the ALJ relied on the VE's hearing testimony and found through the DLI that Plaintiff "was unable to perform any past relevant work" as a "construction worker II." Tr. at 543 (some emphasis, capitalization, and citation omitted). The ALJ then proceeded to the fifth and final step of the sequential inquiry. Tr. at 544-45. After considering Plaintiff's age ("45 years old" on the DLI), education ("at least a high school education"), work experience, and RFC, the ALJ relied on the VE's testimony and found through the DLI that "there were jobs that existed in significant numbers in the national economy that [Plaintiff] could have performed," such as "preparer," "lacquerer," and "order clerk, food and beverage." Tr. at 544 (some emphasis and capitalization omitted). The ALJ concluded Plaintiff "was not under a disability . . . at any time from August 10, 2007, the alleged onset date, through December 31, 2012, the [DLI]." Tr. at 545 (emphasis and citation omitted).

### III.   Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. § 405(g). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial

evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 139 S.Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.   Discussion

Plaintiff argues the ALJ erred in discounting the opinions of Dr. Schutzer. Pl.'s Mem. at 20-29. Essentially, Plaintiff contends the rationale provided by the ALJ is insufficient and otherwise unsupported. See id. Plaintiff also asserts the ALJ should not have relied on the opinion of a non-examining physician to the exclusion of Dr. Schutzer's opinions. See id. at 25; Reply at 2. Responding,

Defendant argues the ALJ provided sufficient reasons, supported by substantial evidence, for discounting Dr. Schutzer's opinions. Def.'s Mem. at 4-18.

"Medical opinions[7] are statements from [physicians or other] acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(1). Acceptable medical sources include licensed physicians, licensed psychologists, licensed optometrists, licensed podiatrists, and qualified speech-language pathologists. 20 C.F.R. § 404.1502(a).[8]

The Regulations establish a hierarchy among medical opinions that provides a framework for determining the weight afforded each medical opinion. See 20 C.F.R. § 404.1527. Essentially, "the opinions of a treating physician are entitled to more weight than those of a consulting or evaluating

---

[7] On January 18, 2017, the SSA revised the Rules regarding the evaluation of medical evidence and symptoms for claims filed on or after March 27, 2017. See Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5,844, 5,844 (January 18, 2017); see also 82 Fed. Reg. 15,132 (Mar. 27, 2017) (amending and correcting the final Rules published at 82 Fed. Reg. 5,844). Because Plaintiff filed his claim before that date, the undersigned cites the older Rules and Regulations (that are applicable to the date the claim was filed).

[8] For claims filed on or after March 27, 2017, acceptable medical sources also include licensed audiologists, licensed Advanced Practice Registered Nurses, and licensed Physician Assistants. 20 C.F.R. § 404.1502(a)(6)-(8).

health professional," and "[m]ore weight is given to the medical opinion of a source who examined the claimant than one who has not." Schink v. Comm'r of Soc. Sec., 935 F.3d 1245, 1259, 1260 n.5 (11th Cir. 2019). Further, "[n]on-examining physicians' opinions are entitled to little weight when they contradict opinions of examining physicians and do not alone constitute substantial evidence." Id. at 1260 (citing Sharfarz v. Bowen, 825 F.2d 278, 280 (11th Cir. 1987) (per curiam)). The following factors are relevant in determining the weight to be given to a physician's opinion: (1) the "[l]ength of the treatment relationship and the frequency of examination"; (2) the "[n]ature and extent of [any] treatment relationship"; (3) "[s]upportability"; (4) "[c]onsistency" with other medical evidence in the record; and (5) "[s]pecialization." 20 C.F.R. § 404.1527(c)(2)-(5); see also 20 C.F.R. § 404.1527(f); Walker v. Soc. Sec. Admin., Comm'r, 987 F.3d 1333, 1338 (11th Cir. 2021) (citation omitted); McNamee v. Soc. Sec. Admin., 164 F. App'x 919, 923 (11th Cir. 2006) (citation omitted) (stating that "[g]enerally, the opinions of examining physicians are given more weight than those of non-examining physicians[;] treating physicians[' opinions] are given more weight than [non-treating physicians;] and the opinions of specialists are given more weight on issues within the area of expertise than those of non-specialists").

An ALJ is required to consider every medical opinion. See 20 C.F.R. § 404.1527(c) (stating that "[r]egardless of its source, we will evaluate every

medical opinion we receive"). While "the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion," Oldham v. Schweiker, 660 F.2d 1078, 1084 (5th Cir. 1981) (citation omitted); see also 20 C.F.R. § 404.1527(c)(2), "the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor," Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1179 (11th Cir. 2011) (citing Sharfarz, 825 F.2d at 279); Moore v. Barnhart, 405 F.3d 1208, 1212 (11th Cir. 2005); Lewis, 125 F.3d at 1440.

The RFC assessment "is the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1). It is used at step four to determine whether a claimant can return to his or her past relevant work, and if necessary, it is also used at step five to determine whether the claimant can perform any other work that exists in significant numbers in the national economy. 20 C.F.R. § 404.1545(a)(5). In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 at *5; see also Pupo v. Comm'r, Soc. Sec. Admin., 17 F.4th 1054, 1064 (11th Cir. 2021) (citing Schink v. Comm'r of Soc. Sec., 935 F.3d 1245, 1268 (11th Cir. 2019)); Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)).

Here, the ALJ was on notice from the Court's remand Order that Dr. Schutzer's opinions were squarely at issue. See Tr. at 612-13. In the Decision, the ALJ first summarized in detail the relevant medical evidence (including evidence post-dating the DLI). Tr. at 535-41. The ALJ then addressed the opinion evidence. Tr. at 541-43. As to Dr. Schutzer's various opinions, the ALJ discussed each of the three separately. Tr. at 542-43. The ALJ wrote:

> [Plaintiff's] orthopedist, Steven F. Schutzer, M.D., provided several opinions throughout the record. The undersigned gives all of these opinions little weight. In July 2012, Dr. Schutzer opined, "gainful employment would not be possible" for [Plaintiff] "in light of his severe pain." Ex. 6F/60.[9] In September 2013, Dr. Schutzer opined that [Plaintiff's] "limitations and inability to function in a reasonable work capacity is related to his spine." Ex. 12F/1.[10] Both of these opinions are based on [Plaintiff's] subjective complaints of pain, which are not completely consistent with physical examination findings and diagnostic imaging throughout the record. In fact, as of July 2012, Dr. Schutzer was unable to explain the cause for [Plaintiff's] left foot pain and noted that [Plaintiff's] left knee was doing well post-surgery. Additionally, Dr. Schutzer's September 2013 opinion is based on [Plaintiff's] allegation of back pain, but neither the B.A.C.K. Center nor Dr. Cordner felt that these complaints were consistent with objective examination and diagnostic imaging findings. As of September 2013, [Plaintiff] had not seen Dr. Schutzer for over one year, so he had no ongoing treating relationship with him. Furthermore, only the Commissioner of the Social Security Administration can determine whether

---

[9] Located in the administrative transcript at Tr. at 380.

[10] Located in the administrative transcript at Tr. at 471.

someone is disabled and Dr. Schutzer's opinion cannot be controlling on this issue.

In August 2014, Dr. Schutzer completed a checkbox form that provided limitations for [Plaintiff] because of his neuropathic pain. Ex. 20F.[11] The undersigned also gives this opinion little weight. Although Dr. Schutzer opined that [Plaintiff] could lift and carry twenty pounds occasionally and ten pounds frequently, he also opined that [Plaintiff] can sit for four hours total and stand or walk for two hours total out of an eight-hour workday. Dr. Schutzer further opined that [Plaintiff] could sit for thirty minutes at one time and stand or walk for ten minutes at one time. He also opined that [Plaintiff] would be absent from a full-time work schedule on a chronic basis. Dr. Schutzer does not provide any specific basis for his opinion, and does not even identify whether the limitations are related to [Plaintiff's] knee, foot or back. Further, it is not clear when he last examined [Plaintiff]. Additionally, this opinion is inconsistent with the record as a whole, which showed generally normal physical examination and diagnostic imaging findings.

The undersigned also gives little weight to the August 2019 opinion from Dr. Schutzer. Ex. 31F.[12] He opined that [Plaintiff] can stand, walk, and sit for an average of two hours because of his left total knee replacement. Again, Dr. Schutzer provides no medical basis for his opinion. It is also unclear as to when Dr. Schutzer last examined [Plaintiff], as medical records indicate that he did not treat [Plaintiff] consistently since 2011. Further, this opinion is inconsistent with Dr. Schutzer's own generally normal examination findings as well as his prior opinion. This opinion is also inconsistent with the record as a whole, which shows generally normal physical examination findings and mild diagnostic imaging results. For the reasons

---

[11] Located in the administrative transcript at Tr. at 817-19.

[12] Located in the administrative transcript at Tr. at 1511-12.

- 13 -

> discussed above, the undersigned gives little weight to all of the opinions provided by Dr. Schutzer.

Tr. at 542-43.

Despite Plaintiff's arguments to the contrary, the ALJ's reasons for discounting Dr. Schutzer's various opinions are adequate and supported by substantial evidence. Mainly challenging the ALJ's findings as to the August 2019 opinion, Plaintiff contends the ALJ should not have "questioned whether or not Dr. Schutzer was a treating physician," because it was clear from the form he was opining about the time period of April 2011 through September 2013. Pl.'s Mem. at 22; see Tr. at 1511 (emphasis omitted) (form indicating it applies to the time period "from 4/26/11 through 9/09/13.") But, the ALJ was not questioning whether Dr. Schutzer was, in fact, a treating physician. Rather, the ALJ was pointing out that the treatment relationship appeared to have essentially ended or deteriorated in 2011, Tr. at 542, which Plaintiff really does not contest, see Pl.'s Mem. at 22-23 (citing Tr. at 365-75, 379, 471) (recognizing that Plaintiff had regular visits in January, March, April, and June of 2011 and then not until July 2012 and again not until September 2013 (by this point, after the DLI)). The ALJ's observation in this regard is generally supported.

Plaintiff next contends the ALJ misstated that "Dr. Schutzer provides no medical basis for his opinion." Pl.'s Mem. at 23; Tr. at 542. Plaintiff argues the opinion is in fact supported by Dr. Schutzer's reference to Plaintiff's "left total

knee replacement" and the treatment notes and prior opinions. Pl.'s Mem. at 23. The ALJ rightly pointed out, however, that Dr. Schutzer did not give a basis for his opinion on functioning besides noting generally that Plaintiff had undergone a knee replacement. See Tr. at 542, 1511.

Plaintiff asserts that Dr. Schutzer opined based on Plaintiff's "symptoms including pain and fatigue," Plaintiff could not "reasonably be expected to work eight hours a day, forty hours a week, or an equivalent work schedule on a 'regular and continuing basis,'" and because of "chronic low back pain" and left knee issues, Plaintiff would have issues with concentration and focus. Pl.'s Mem. at 23; Tr. at 1511. The ALJ, however, found the opinion on the whole to be inconsistent with the remainder of the evidence and Dr. Schutzer's own prior opinions. See Tr. at 542. As to the ALJ's finding that the record contains "generally normal physical examination findings and mild diagnostic imaging results," Tr. at 542, Plaintiff points to one post-surgery examination and one interpretation of a MRI of Plaintiff's spine to attempt to contradict the finding, Pl.'s Mem. at 24 (citing Tr. at 315, 318-19). But, the ALJ's findings overall about the relevant evidence on Plaintiff's left knee are supported. See Tr. at 535-38. And, the ALJ discussed in detail—in his findings on Dr. Schutzer's September 2013 opinion—that as to the back issues, later records contradicted the opinion. Tr. at 542. Plaintiff argues these later records are irrelevant because they are dated after the DLI, see Pl.'s Mem. at 27, but they carry some relevance to the

extent they document the conditions and associated symptoms Plaintiff experienced pre-DLI.

There is some question of whether Plaintiff has adequately contested the other reasons provided by the ALJ for discounting the various opinions of Dr. Schutzer, but the Court finds as to all of Dr. Schutzer's opinions that the ALJ provided adequate reasons supported by substantial evidence for discounting them.

Plaintiff contends it was wrong for the ALJ to rely on the non-examining opinion of Harry Beecham, M.D. instead of Dr. Schutzer's opinions. See Pl.'s Mem. at 25, Reply at 3; Tr. at 541 (ALJ giving "great weight" to July 2013 opinion of Dr. Beecham). The ALJ having properly discounted Dr. Schutzer's opinions, however, the undersigned cannot find on these facts that the ALJ wrongly relied on the non-examining opinion, together with the rest of the evidence, in assessing the RFC.

## V. Conclusion

The ALJ's Decision is supported by substantial evidence. In light of the foregoing, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), **AFFIRMING** the Commissioner's final decision.

2. The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on March 16, 2023.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record